which may be affected thereby." Of course, such object could find no application to the present case. And, while this beneficial purpose of the act is by no means the only object sought to be obtained thereby, it is not apparent how in a case like the present any beneficent result can be accomplished by subjecting the proceeding to the requirements of the act.

The only question here is whether the property of the Waverly Water Company shall continue to be owned by such company, or whether the ownership shall be changed to the village of Waverly. It is the same property which is to be used in the same manner for the benefit of the same people and for the same purposes. It is a matter of no consequence to the state at large or to any civil division of the state or to any of the inhabitants thereof, save to the parties to this proceeding, whether this water shall continue to be furnished by the Waverly Water Company or whether it shall be furnished in the same manner and for the same purposes and to the same extent by the village of Waverly. If the village were seeking to acquire any land or rights which had not already been acquired by the respondent company for the purposes of water supply, a different question would exist. But, as the only question involved is a proposed change of ownership of an existing system and not the acquisition of any other rights, the statute does not apply.

It may be said that this construction of the statute, in view of the fact that it only applies to municipal corporations and civil divisions of the state, would permit the acquisition of a new water supply by a person or corporation, which, in turn, might be immediately taken over by a municipality, and that thus the statute would be circumvented. That is doubtless true, and the Legislature recognizing the frailty of the statute in this particular amended it in the following year (chapter 415, p. 1010, Laws 1906) so as to make it applicable, not only to municipal corporations and other civil divisions of the state, but also to individuals and other corporations. While this amendment does not affect this proceeding, it reflects light on the purpose and meaning of the statute.

The judgment and order must be reversed.

Judgment and order reversed, without cost, and proceeding remitted to the Special Term for further action. All concur.

---

### In re TIFFT'S WILL.

(Supreme Court, Appellate Division, Fourth Department. November 28, 1906.)

DEPOSITIONS—EXAMINATION OF WITNESS.

Where, in answer to an interrogatory in a commission to take testimony, the witness stated that the minutes shown her refreshed her recollection as to what a certain person said and did in her presence, of which she took stenographic notes, the facts she could recall should have been stated or read from the minutes shown her, and embodied in her answers to the interrogatories, and where she simply stated that she believed them to be a correct copy of her transcript, and then indorsed the several pages which were certified by the commissioner as exhibits, a further commission should have been issued to have obtained the evidence in proper form.

Appeal from Surrogate's Court, Erie County.

In the matter of proving the last will and testament of James W. Tifft. From an order denying contestants' motion that a further commission issue to examine Florine B. Hatch, the contestants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Helen Z. M. Rodgers, for appellants.

Carlton E. Ladd, for respondent.

NASH, J. The commission was not properly executed. The witness, as directed by the interrogatories, having examined what purported to be volume 1, testimony in the matter of James W. Tifft, reported by Charles H. Bailey, stenographer, from pages 611 to 621, inclusive, stated:

"My recollection is refreshed from these minutes as they were then reported by me, but I cannot now remember the things reported herein in detail."

These pages of the testimony in the matter of Tifft (pages 611–621) purported to be a copy of stenographic notes of things said and done by Mr. Tifft, stenographically taken by the witness. After stating that her recollection was refreshed, the witness said:

"I believe this to be a correct copy of my transcript, which was handed in to Mr. Moot and inserted in this record by Mr. Bailey."

She then indorsed the several pages of the testimony certified by the commissioner as exhibits. The witness should have been required to state whether the testimony shown to her refreshed her recollection as to the things which Mr. Tifft said and did in her presence, of which she took stenographic notes, and, if so, then the facts which she could recall should have been stated or read from the minutes shown her and embodied in her answers to the interrogatories. Marcly v. Shults, 29 N. Y. 346. We think that the contestants should have been permitted to have obtained the evidence in proper form, and therefore the order denying contestants' motion for an order directing that a further commission issue should be reversed.

Order reversed.

Order reversed, without costs, and matter remitted to Surrogate's Court for proper action. All concur.

---

MEHLENBACKER v. VILLAGE OF SALAMANCA et al.

(Supreme Court, Appellate Division, Fourth Department. December 28, 1906.)

RAILROADS—CHANGING STREET GRADE AT CROSSING—RECOVERY OF DAMAGES—NOTICE.

Under Railroad Law (Heydecker's Gen. Laws, p. 3292, c. 39, § 65) providing that when a change is made, in accordance with section 62 (page 3291) of an existing grade crossing of a railroad and street, half the expense shall be borne by the railroad, one-quarter by the municipal corporation, and one-quarter by the state, and that no claim for damages to property on account of the change shall be allowed unless notice of the